_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JUN 0 4 2015

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

JAMES E. HOUCK , # 421-024          *
Plaintiff,                                        *
                                                      *
v                                                    *          Civil Action No.  GJH-14-3907
                                                      *
WARDEN, JESSUP CORRECTIONAL     *
   INSTITUTION,                                 *
Defendant.                                      *
                                                  ***

## MEMORANDUM OPINION

Pending is self-represented plaintiff James E. Houck's  ("Houck's") Complaint and

supplement filed pursuant to 42 U.S.C. § 1983 (ECF 1, 3) and Motion for Summary Judgment.

(ECF 15).  Defendant, the Maryland Jessup Correctional Institution ("JCI"), by its counsel, has

responded. (ECF 10, 20).  The case has been fully briefed and is ready for disposition.  A hearing

is unnecessary. *See* Local Rule 105.6 (Md. 2014).  For reasons to follow, Houck's Motion for

Summary Judgment will be denied, and this case will be dismissed.

## BACKGROUND

Houck, who is currently housed at Western Correctional Institution (WCI) in

Cumberland, Maryland,[1] filed this Complaint on December 12, 2014, which he supplemented at

the direction of this Court. (ECF 3). Houck alleges that 1) he was sexually assaulted in March of

2014, and 2) he needs to be housed in protective custody because Black Guerilla Family (BGF)

members want to kill him.  As relief, he requested transfer to another facility. (ECF 1, 3).[2]  On

_____

[1] The Clerk will be directed by separate order to amend the docket to reflect Houck's current
address. Houck did not in this case  notify the Clerk regarding his address change as he is
required by  Local Rule 102.1.b.iii. (D. Md. 2014).

[2]  Houck later filed additional supplements questioning his underlying state sentence. (ECF 9,
11).  He was informed by this Court that federal challenges to the validity of a state sentence are

January 23, 2015, this Court directed the Maryland Attorney General to file an expedited response to Plaintiff's claims and request for emergency injunctive relief. (ECF 6). On January 26, 2015, Houck supplemented his request for relief, asking for "$10 million or $8 million or $150, 000." (ECF 8).

On February 13, 2015, Defendant filed an expedited response with declarations and verified exhibits, requesting dismissal of this case as moot because Houck had been transferred to WCI, and thus had been provided the relief he requested in the Complaint. (ECF 10, Ex. 2).

On February 23, 2015, the Court denied Houck's request for emergency injunctive relief as moot, and noting that Plaintiff was also seeking monetary damages, construed the Response as a motion for summary judgment, and granted Plaintiff seventeen days to reply. (ECF 11).

On March 12, 2015, Houck filed a Reply, stating that he has four witnesses to the sexual assault he alleges and that he had filed an emergency Administrative Remedy Procedure ("ARP") request to substantiate his claim of sexual assault. (ECF 13). Houck does not provide the names of these witnesses or what each purportedly observed. Additionally, Houck requested another transfer, this time to an institution of his own choosing. *Id.* at 4.

In a letter filed on March 12, 2015, Houck complained that he has been assigned to administrative segregation, not protective custody, and BGF members are harassing him every day. (ECF 14). On the same day, Houck also submitted a filing titled "Order," which he explains is intended as a Motion for Summary Judgment for $8 million dollars. (ECF 15). The filing was docketed as a Motion for Summary Judgment. *Id.*

---

properly presented by way of a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, and granted additional time to indicate whether he intended to pursue his claims under § 2254. (ECF 10). Subsequently, Houck presented these claims in a § 2254 proceeding, which was dismissed without prejudice for failure to exhaust state court remedies. *See Houck v. State*, Civil Action No. GJH-14-2183 (D. Md. 2014).

In his Motion for Summary Judgment, Houck stated that he was never supposed to be placed in the general prison population and that he has filed an emergency ARP request regarding the alleged sexual assault. (ECF 15). He reiterated that he has four witnesses. *Id.* With his Motion for Summary Judgment, Houck filed a copy of an ARP request form, dated March 5, 2015, in which he claims he should not have been placed in the general prison population at JCI, he was sexually assaulted in March of 2014, and BGF has a hit on him.[3] The ARP request form also indicated that Houck had waived attending a case management conference for administrative assignment. *Id.* It is unclear whether this exhibit is a copy of the "emergency ARP" Houck claims he filed to corroborate his sexual assault. If so, the exhibit is lacking in two critical respects. First, the ARP request form does not bear a Department of Correction (DOC) stamp to confirm receipt, and thus does not appear to have been properly presented to prison officials for consideration. *Id.* at 2-4. Second, the ARP request form is dated one year after the alleged assault occurred, and therefore, was untimely filed. *See* COMAR 12.07.01.05A (providing that a prisoner must file an ARP with the Warden within thirty days of the date on which the incident occurred, or within thirty days of the date the prisoner first knew of the incident or injury giving rise to the complaint, whichever date is later).

On March 16, 2015, Houck submitted another paper titled as a Motion for Summary Judgment (ECF 16), which was docketed as a supplement to the first Motion for Summary Judgment filed four days earlier (ECF 15). The supplement reiterated Houck's assertions that he should never have been placed in the general population at JCI, he has paperwork to show the Court that he filed an emergency ARP, and that he has four witnesses. (ECF 16). Houck

---

[3] Before this Court, Houck only generally alleges that BGF members harass him. He does not particularize a threat of imminent physical harm.

attached a copy of an ARP request dated March 3, 2015, bearing the receipt stamp of the WCI ARP Office. (ECF 16). In the attached ARP request, Houck states that he fears for his safety, is harassed at WCI, and asks to be transferred out of the Hagerstown region and to be housed in a cell without a cellmate. *Id.* at 2.

On March 24, 2015, Defendant filed a Response to Plaintiff's Motion for Summary Judgment and Reply to Plaintiff's Response to Response to Order to Show Cause, supported by verified exhibits and declarations. (ECF 19). [4]

## DISCUSSION

### A. Standard of Review

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Thus, "[t]he objection that a federal court lacks subject matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (citations omitted). Because the district court resolves this issue at the Rule 12(b)(1) stage of the proceedings, the plaintiffs' burden is to allege a plausible set of facts establishing jurisdiction. *See Davis v. United States,* 597 F.3d 646, 649 (5th Cir. 2009).

Summary judgment may be entered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v.*

---

[4] On March 24, 2015, Houck submitted a filing in this case to initiate a law suit against the Department of Public Safety and Correctional Services (DPSCS), claiming he was prescribed a medication which has caused him to develop "female breasts" and requesting appointment of counsel. (ECF 21). He submitted additional filings concerning his medical claim, titled as supplements to the Motion for Summary Judgment (ECF 22, 23, 28 ). Houck's medical claim is unrelated to the matters presented in this case, and will be dismissed without prejudice to refiling in a separate case. The court will provide him with a § 1983 information and forms packet and a copy of his filing (ECF 21) to assist him if he intends to pursue his claim. Defendant's Motion to Strike Houck's Supplemental Complaint (ECF 25) will be dismissed as moot.

4

*Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). A court is not prohibited from granting a motion for summary judgment before the commencement of discovery. *See* Fed. R. Civ. P. 56(a) (stating that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" without distinguishing pre- or post-discovery). Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). The facts that are presented must be construed in the light most favorable to the party opposing the motion. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Emmett*, 532 F.3d at 297. Notably, the moving party can demonstrate that there is no genuine issue of material fact by explaining that "there is an absence of evidence in support of the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the party seeking summary judgment demonstrates that there is no admissible evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. *Lorraine v. Markel American Ins. Co.*, 241 F.R.D. 534, 535 (D.Md. 2007). To satisfy this burden, the nonmoving party must produce competent evidence on each element of his claim. *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999). The evidentiary materials presented must show facts from which the fact finder could reasonably find for the party opposing summary judgment. *Anderson*, 477 U.S. at 250–51.

### B.  Defendant's Exhibits

### 1.  Protective Custody Housing

Houck was sentenced on November 22, 2013 in the Circuit Court for Montgomery County and recommended for protective custody. (ECF 10-1).[5] He was assigned to administrative segregation housing on July 13, 2014 at JCI, after he claimed that his life was in danger because he had testified against two inmates in Montgomery County. *Id.* Specifically, Houck claimed that an unidentified Spanish inmate knew Houck had been placed on protective custody in Montgomery County Detention Center for testifying for the State of Maryland against two inmates. *Id.* After investigation, it was determined that Houck would remain on administrative segregation pending transfer. *Id.*

Houck was housed at JCI on administrative segregation from July 13, 2014 until February 11, 2015. There are no known or reported assaults involving Houck while he was housed on administrative segregation at JCI. *Id.*  In a letter dated November 14, 2014, Houck complained to prison officials that he feared for his safety at the hands of the BGF, a gang with members located in the prison. *Id.*

When an inmate has a verified known enemy, the name of the known enemy is listed in the electronic management case database. *Id.* According to Department of Public Safety and Correctional Services ("DPSCS") records, Houck was not housed at the same correctional facility as his known enemy. *Id.*

### 2.  Allegation of Sexual Assault

JCI records do not reflect Houck reported a sexual assault at JCI in March of 2014, and the first record of the alleged sexual assault is Houck's Complaint in the instant action. *Id.*

---

[5]  Defendant's Response to the Motion for Summary Judgment adopts and incorporates the expedited Response  (ECF 10) filed by the Office of the Attorney General.  (ECF 19, p. 2).

Houck claims he was sexually assaulted while housed in JCI F Building D wing cell 410. *Id*; *see also* ECF 8 and 13. Allegedly, an inmate he identifies as "T," forced his penis into Houck's mouth and made him perform oral sex. *Id*. "T" threatened Houck that if he told anyone, Houck would be killed. *Id*.

On February 3, 2015, an investigation was initiated and a Serious Incident Report was written concerning Houck's allegations of sexual assault. Houck was interviewed by Captain Anthony Lewis ("Lewis") on February 10, 2015. (ECF 19, Ex. 1). In his declaration, Lewis attests that Houck told him the sexual assault occurred in March of 2014. *Id*. Houck identified the alleged assailant as "T," and that after the incident occurred "T" never bothered him. *Id*. Houck informed Lewis that he never reported the incident to any staff members. *Id*. As part of the investigation, Houck was medically evaluated. (ECF 10-1). Houck reported no injuries. (ECF 10-1). Additionally, he was referred to the psychology department. *Id.*

On February 11, 2015, Captain Odette Henry-McCarthy at JCI, sent a memorandum to Major James Harris, JCI, summarizing the results of the investigation. The inquiry determined that due to the length of time that transpired before Houck reported the alleged incident and his refusal to identify his assailant during several interviews, no further information was available to conduct an effective investigation. *Id.* There was no physical evidence to support an allegation of sexual assault. *Id*. It was recommended that Plaintiff remain on protective custody and be transferred out of the central region and placed on house alone status. *Id*.

On February 11, 2015, Houck was transferred from JCI to WCI where he is housed on the protective custody tier in a single cell. (ECF 10, Ex. 2; ECF 19, Ex. 2). While housed in administrative segregation he will have no direct contact with other inmates and will be escorted by an officer whenever he leaves his cell. (ECF 19, Ex. 2).

On March 20, 2015, the institutional administrative segregation review board reviewed Houck's housing status and determined that  he will  remain assigned to administrative segregation. *Id.* The institution is awaiting information from various agencies to make a final determination of his protective custody status. *Id.* Houck will remain on administrative segregation until that information is received. *Id.*; *see also* ECF 38-1.

### C. Defendant's Opposition to Motion for Summary Judgment

Defendant opposes Houck's Motion for Summary Judgment on four grounds: 1) JCI is not subject to suit in federal district court; 2) Houck failed to exhaust administrative remedies; 3) the case is moot; and 4) recovery for damages is not available under the Prison Litigation Reform Act in the absence of physical injury. (ECF 19).

### 1.  Defendant is not Subject to Suit

Under the Eleventh Amendment to the United States Constitution, a state is immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state court, *see* Md. State Gov't Code Ann., § 12–202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Additionally 42 U.S.C. § 1983 does not override states' Eleventh Amendment immunity. *Id.* at 99 (citation omitted). Thus, this action may not be brought against the State of Maryland and JCI is not subject to suit in federal district court.

Further,  JCI is not a person that can act under color of state law and therefore is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)

("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42

U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989)

("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Accordingly, Defendant is entitled to dismissal of the claims against it as a matter of law.  Even

were Defendant amenable to suit in this action, this case would be dismissed for reasons to

follow.

### 2.  Failure to Exhaust Administrative Remedies

Defendant next raises Houck's failure to exhaust administrative remedies. The Prisoner

Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, *et. seq.*, provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of
> this title, or any other Federal law, by a prisoner confined in any jail, prison, or
> other correctional facility until such administrative remedies as are available are
> exhausted.

42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement "has been interpreted to require

prisoners to pursue administrative grievances until they receive a final denial of their claim,

appealing through all available stages in the administrative process." *Chase v. Peay*, 286

F.Supp.2d 523, 530 (D. Md. 2003), *aff'd*, 98 F. Appx. 253 (4th Cir. 2004).  To exhaust his

remedies, the prisoner must appeal all the way to the Executive Director of the Inmate Grievance

Office ("IGO"). *Id.*  Of import here, "failure to exhaust is an affirmative defense under the

PLRA." *Jones v. Bock*, 549 U.S. 199, 216, (2007).  A claim that has not been exhausted may not

be considered by the Court. *Id.* at 220.

Houck neither shows that he has satisfied the administrative exhaustion requirement

under the PLRA nor that Defendant forfeited the right to raise non-exhaustion as a defense.

Moreover, Defendant has supplemented the Response to the Motion for Summary Judgment with

declarations executed by Chantell Session, Case Management Specialist for the Department of Public Safety and Correctional Services (DPSCS) ARP/IGO Unit (ECF 20, Ex. 2) and Scott Oakley, Executive Director of the Inmate Grievance Office (IGO). (ECF 20, Ex. 1). Session attests that a search of the records of DPSCS ARP/IGO Unit was conducted and there is only one appeal of an Administrative Remedy Process (ARP) decision filed by inmate Houck, #421-024. *Id.* The appeal, JCI 1607-13, filed September 17, 2013, concerned a three hundred dollar money order that inmate Houck had received from his family. (ECF 20, Ex. 2). Scott Oakley states in his declaration that the IGO tracking database reveals Houck filed one grievance with the IGO. The grievance, IGO No. 20150200, filed on January 29, 2015 (ECF 20, Ex. 1), referenced "five separate ARP complaints among a number of other complaints." *Id.*[6] The grievance was administratively dismissed by the IGO on March 11, 2015, when Houck failed to respond to a letter from the IGO requesting that he provide additional information within thirty days. *Id.*

Houck fails to show that he raised his claims of sexual assault within the time required by the ARP process. Further, Defendant has submitted unrefuted declarations indicating that Houck filed only one ARP appeal, and it addressed an issue unrelated to this case. Thus, even were JCI amenable to suit, this case would be dismissed for failure to exhaust administrative remedies.

### 3.  Mootness

Article III of the Constitution limits judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). A case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). Where injunctive or

---

[6]  The declaration does not indicate the nature of the complaints contained in the grievance. A copy of the grievance was not provided to this Court.

declaratory relief is requested in an inmate's complaint, it is possible for events occurring

subsequent to the filing of the complaint to render the matter moot. *See Williams v. Griffin*, 952

F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for

injunctive and declaratory relief); *see also Slade v. Hampton Roads Regional Jail*, 407 F.3d 243,

248–49 (4th Cir. 2005) (pre-trial detainee's release moots his claim for injunctive relief); *Magee

v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered

moot his claim for injunctive relief). Insofar as Houck initially sought transfer from JCI, his

request for injunctive relief has been rendered moot.[7]

### 4.  Absence of Physical Injury

Although he seeks compensatory damages, Houck fails to allege that he suffered a

physical injury. The court further observes that the PLRA states that "no federal civil action may

be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or

emotional injury suffered while in custody without a prior showing of physical injury." 42

U.S.C. § 1997e(e). It is settled law that a prior physical injury is required for a prisoner to

recover damages for emotional and mental injury. *See Siglar v. Hightower*, 112 F.3d 191, 193–

94 (5th Cir. 1997).  Of import here, Houck's claim of sexual assault has been investigated and no

evidence to support his claims was found.

### CONCLUSION

For the reasons stated above, Houck has failed to show that he is entitled to summary

judgment in his favor.  Defendant's response, construed as a motion for summary judgment,

---

[7]  Houck claims BGF harasses him, and in later filings requests transfer to a correctional facility
of his choosing. (ECF  14). A general claim of threats, without any allegation of injury, fails to
state a claim for relief. *See Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir. 1979), cited in *Moody
v. Grove*, 885 F.2d 865 (4th Cir. 1989) (stating as a general rule that verbal abuse, without more,
does not state a constitutional claim).

demonstrates dismissal of this case is warranted as a matter of law.  Accordingly, Houck's

Motion for Summary Judgment will be denied, and this case will be dismissed.   A separate

Order follows.

_6/4/2015_
Date

GEORGE JARROD HAZEL
UNITED STATES DISTRICT JUDGE

12